1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

11

12  MARY A. HERRERA,                )     Case No. CV 15-02236-AS
                                    )
13              Plaintiff,          )     **MEMORANDUM OPINION AND**
                                    )
14       v.                         )     **ORDER OF REMAND**
                                    )
15  CAROLYN W. COLVIN, Acting       )
    Commissioner of Social          )
16  Security,                       )
                                    )
17              Defendant.          )
    _____)

18

19       Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED
20  that this matter is remanded for further administrative action
21  consistent with this Opinion.

22

23                          **PROCEEDINGS**

24

25       On March 25, 2015, Plaintiff filed a Complaint seeking review of
    the denial of her application for Supplemental Security Income. (Docket
26  Entry No. 1).  The parties have consented to proceed before the
27  undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12).
28  On August 13, 2015, Defendant filed an Answer along with the
    Administrative Record ("AR"). (Docket Entry Nos. 15-16).  The parties
    filed a Joint Position Statement ("Joint Stip.") on October 30, 2015,

setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 17).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed March 26, 2015 (Docket Entry No. 9).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 21, 2008, Plaintiff filed an application for Supplemental Security Income, alleging a disability since November 1, 2003.[1] On March 16, 2010, the Administrative Law Judge, Robert S. Eisman ("ALJ Eisman") heard testimony from Plaintiff (who was not represented by counsel) and vocational expert Randi Langford-Hetrick. On April 8, 2010, ALJ Eisman issued a decision denying Plaintiff's application. (See AR 79-87). After determining that starting March 1, 2007 (the day after the date of the February 28, 2007 Decision) Plaintiff had severe impairments -- asthma, diabetes mellitus, hypertension, obesity and arthritis (AR 81-82) --, ALJ Eisman found that Plaintiff had the residual functional capacity[2] ("RFC") to perform medium work[3] in that she can exert 20 to 50 pounds of force occasionally, 10 to 20 pounds of force frequently, and up to 10 pounds of force constantly; can climb ladders, ropes or

---

[1]     The April 8, 2010 Decision discusses Plaintiff's earlier applications, as follows: on February 24, 2000, Plaintiff filed an application for Supplemental Security Income, which an administrative law judge denied on February 28, 2002; on February 28, 2003, Plaintiff filed an application for Supplemental Security Income, which an administrative law judge denied on September 13, 2004; and on October 19, 2004, Plaintiff filed an application for supplemental security income, which an administrative law judge denied on February 28, 2007. (See AR 79).

[2]     A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3]     "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) and 416.967(c).

scaffolds occasionally; can climb ramps or stairs, stoop, kneel, crouch and crawl frequently; cannot be exposed to environmental irritants and poorly ventilated areas; and is limited to simple, routine and repetitive tasks, performed in a low stress environment (requiring no changes in work setting and no unusual, very fast-paced or production-rate requirements). (AR 82-85).  After finding that Plaintiff did not have any past relevant work, ALJ Eisman found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and therefore, Plaintiff was not disabled within the the meaning of the Social Security Act. (AR 85-87).

On August 6, 2010, the Appeal's Council denied Plaintiff's request to review ALJ Eisman's April 8, 2010 Decision.. (AR 91-94).

On December 13, 2011, Plaintiff filed another application for Supplemental Security Income, alleging a disability since November 1, 2003 (which was later amended to December 13, 2011, see AR 49). (AR 152-57).  On September 18, 2013, another Administrative Law Judge ("ALJ"), Dean Yanohira ("the ALJ") heard testimony from Plaintiff (who was represented by counsel) and vocational expert June Hagen. (AR 48-75). On October 11, 2013, the ALJ issued a decision denying Plaintiff's application. (AR 25-36).  After finding that Plaintiff had the following severe impairments -- asthma; diabetes mellitus; hypertension; seizure disorder; obesity; arthritis; depressive disorder, not otherwise specified; and learning disorder, not otherwise specified (AR 27), the ALJ found that Plaintiff had the RFC to perform medium work with the following limitations: can climb frequently (but can climb ladders, ropes or scaffolds only occasionally); can balance, stoop, kneel, crouch and crawl frequently; cannot be exposed to dusts, fumes and hazards; cannot operate moving vehicles; and is limited to unskilled simple, repetitive tasks. (AR 28-34).  After finding that Plaintiff did not have any past relevant work (AR 34), the ALJ found that there were jobs that existed in significant numbers in the national economy that

Plaintiff could  perform, and therefore Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 35-36).

Plaintiff requested that the Appeals Council review the ALJ's decision.  (AR 17-18).  The request was denied on January 30, 2015.  (AR 1-5).  The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision.  See 42 U.S.C. §§ 405(g), 1383(c).

## PLAINTIFF'S CONTENTIONS

Plaintiff alleges that the ALJ erred in failing to properly determine that Plaintiff did not rebut the continuing presumption of non-disability.  (See Joint Stip. at 4-12, 16-19).  Defendant concedes that the ALJ erred in determining that Plaintiff did not rebut the continuing presumption of non-disability, but asserts that the ALJ's error was harmless.  (See Joint Stip. at 12-16).

## DISCUSSION

After consideration of the record as a whole, the Court finds that Plaintiff's sole claim of error warrants a remand for further consideration.

**A.   The ALJ's Error In Determining That Plaintiff Did Not Rebut The Continuing Presumption Of Non-Disability Was Not Harmless**

Plaintiff contends that the ALJ's application of res judicata was inappropriate because of the evidence of new impairments not raised in her prior application or considered by the ALJ.  (See Joint Stip. at 4-12, 16-19).  Defendant concedes that the ALJ's application of res judicata was inappropriate, but contends that the ALJ's error was harmless.  (See Joint Stip. at 12-16).

4

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). In general, when the Commissioner previously has denied a claimant's earlier application, the Commissioner's conclusion in the earlier case creates a presumption of nondisability. Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995) ("[A]n ALJ's finding that a claimant is not disabled 'create[s] a presumption that [the claimant] continued to be able to work after that date.'")(citation omitted). To overcome the presumption of continuing nondisability, a claimant must show "changed circumstances" indicating a greater disability. Chavez v. Bowen, supra; Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). Examples of "changed circumstances" include: (1) an increase in the severity of the claimant's impairment; (2) a change in the claimant's age category; (3) the raising of a new issue, such as the existence of an impairment not considered in the previous application; and (4) where the claimant was not represented by counsel at the time of the previous application. Lester v. Chater, supra, 81 F.3d 827-28.

After finding that Plaintiff had three severe impairments not found in ALJ Eisman's April 8, 2010 Decision, specifically, seizure disorder, depressive disorder (not otherwise specified), and learning disorder (not otherwise specified) (AR 27), and after finding that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment (AR 27-28), the ALJ proceeded to determine Plaintiff's RFC (step four of the five-step sequential analysis) (see AR 28-34). After making a finding about Plaintiff's RFC, as noted above (see AR 28), discussing the standards for making a RFC determination (see AR 29), stating the findings made by ALJ Eisman in his 2010 Decision concerning Plaintiff's RFC (see id.), and discussing the law about res judicata and the presumption of

continuing non-disability (see AR 29), the ALJ made the following statements:

> In this case, the undersigned finds that the claimant has not provided any persuasive evidence of significant "changed circumstances" that would warrant a more restricted residual functional capacity than that described above. Instead, the only change is a finding of a depressive order, not otherwise specified and learning disorder, not otherwise specified as severe impairments. However, these additional findings do not materially change the claimant's residual functional capacity. As such, the undersigned finds that the claimant has not rebutted the presumption of continuing non-disability.

(AR 30).

The record reveals "changed circumstances" that rebutted the presumption of continuing non-disability. Plaintiff submitted evidence, and the ALJ found, that Plaintiff had suffered three severe impairments that were not considered in the previous application, namely, seizure disorder, depressive disorder (not otherwise specified), and learning disorder (not otherwise specified), even though the ALJ stated that the "only change is a finding of a depressive order, not otherwise specified and learning disorder, not otherwise specified as severe impairments." (AR 30). Plaintiff also submitted evidence of three impairments that were not previously considered, namely, a January 22, 2013 X-ray of the left shoulder showing "[s]oft tissue calcification in juxtaposition lateral to the humeral head consistent with calcific tendinopathy or bursitis" (see AR 319); a January 10, 2012 x-ray of the chest reflecting cardioegaly, atherosclerotic aorta and brachiocephalic vasculature, borderline pulmonary venous hypertension, and low lung volumes with minimal basilar atelactastis (see AR 220); and an August 30, 2010 x-ray of the left knee showing "[a]ctive left knee supapatellar bursa joint effusion" and "[m]ild left knee degenerative joint disease without

6

discernable recent, displaced fracture or dislocation" (see AR 281). See Vasquez v. Astrue, 572 F.3d 586, 598 n. 9 (whether a new impairment was deemed severe is "irrelevant because . . . a claimant defeats the presumption of continuing nondisability by raising a new issue in a later application"). In addition, the fact that Plaintiff was not represented by counsel at the time of the previous application (see AR 79) but was represented by counsel at the hearing on her subsequent application is also a changed circumstance that can defeat the presumption of continuing disability. See Lester v. Chater, supra.

An ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'" Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). Defendant asserts that the ALJ's error was harmless because the ALJ gave full consideration to Plaintiff's mental impairments (seizure disorder, depressive disorder (not otherwise specified), and learning disorder (not otherwise specified)), and determined that Plaintiff's RFC was different in significant respects to the RFC found by ALJ Eisman (i.e., no exposure to dusts, fumes and hazards; no operation of moving vehicles; limited to frequent balancing; and not restricted to low stress environments, see AR 28-34). (See Joint Stip. at 12-14). However, as Plaintiff noted (see Joint Stip. at 8-9, 18), the ALJ did not reference or appear to consider the evidence of Plaintiff's left shoulder impairment, cardiomegaly, and left knee impairment in making a determination about Plaintiff's RFC. See Vincent v. Heckler, 739 F.2d 1393, 1396 (9th Cir. 1984)("[The ALJ] must explain why significant probative evidence has been rejected.")(internal quotation marks omitted). Whether such evidence, considered separately or in light of Plaintiff's other impairments, may have led the ALJ to find that Plaintiff could perform only light work (rather than medium work), as Plaintiff asserts (see Jt. Stip. at 9-11), is uncertain. Nonetheless, since the ALJ did not consider such evidence in determining

Plaintiff's RFC, the Court is unable to find it "clear from the record" that the ALJ's error was "inconsequential to the ultimate nondisability determination."

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 12, 2016.

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE